UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENISE STASS,<br><br>                    Plaintiff,<br><br>-against-<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>                    Defendant. | **MEMORANDUM AND ORDER**<br>Case No. 22-CV-00392 |

*For the Plaintiff:*
EDDY PIERRE PIERRE
Pierre Pierre Law, P.C.
15 Park Pl.
Bronxville, NY 10708

*For the Defendant:*
HUGH DUN RAPPAPORT
U.S. Attorney's Office
Eastern District of New York
271 Cadman Plaza East,
Brooklyn, NY 11201

**BLOCK, Senior District Judge**:

Following remand from this Court, Plaintiff Denise Stass ("Plaintiff") received past-due disability benefits from the Social Security Administration ("SSA"). Her counsel, Eddy Pierre Pierre ("Pierre"), now seeks approval of an attorney-fee award of $31,887.00.

After this Court ordered a remand, it awarded Pierre $7,745.92 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. On October 16, 2024, the SSA sent a Notice of Award ("NOA") letter advising Plaintiff that he was due benefits and that the SSA had withheld $31,887.00 to pay a possible attorney-fee request. Plaintiff's counsel represents that he received the letter on October 21, 2024. On November 4, 2024, Pierre filed this 42 U.S.C. § 406(b) attorney-fee

1

application, fourteen days after receipt. *See Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019) (fourteen-day filing period).

Turning to the requested attorney-fee award, the Court determines that $31,887.00 is reasonable under the circumstances. Section 406(b) entitles prevailing plaintiffs in Social Security actions to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the claimant is entitled." Reasonableness depends on three factors: (1) whether the proposed fee is below the 25% statutory maximum; (2) whether the contingency-fee agreement is the product of fraud or attorney overreach; and (3) whether the requested amount is so large it constitutes a windfall to the attorney. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). As indicated by the NOA, the proposed fee award here does not exceed the 25% cap, and the Court is aware of no evidence of fraud or attorney overreach.

To assess the third factor, the Second Circuit has directed district courts to consider (1) the expertise and ability of the claimant's lawyer and whether he or she was particularly efficient; (2) the nature and length of the lawyer's professional relationship with the claimant, including any representation at the agency level; (3) the satisfaction of the claimant; and (4) the level of uncertainty of an award of benefits and the efforts it took to achieve the result of a disability ruling. *See Fields v, Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022) (de facto hourly rate of $1,556.98

was reasonable). Having considered those guidelines, the Court finds that the requested award does not constitute a windfall.

Finally, because an attorney cannot receive fees under both the EAJA and § 406(b), Pierre must refund the smaller fee award to the Plaintiff, *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002), *i.e.*, the $7,745.92 in EAJA fees.

Accordingly, the Court approves Pierre's requested attorney-fee award of $31,887.00 under § 406(b) to be paid by the Commissioner out of the proceeds awarded to Plaintiff as past-due benefits. Within five business days of receipt of the § 406(b) fees, Pierre is ordered to refund the EAJA award of $7,745.92 to Plaintiff and file a declaration stating such on the docket.

**SO ORDERED.**

                                               _/S/ Frederic Block_____

                                               FREDERIC BLOCK
                                               Senior United States District Judge

Brooklyn, New York
December 13, 2024